In the Matter of the Estate of CHARLOTTE B. RIDINGS, Deceased. ELIZABETH D. BRAINARD et al., Appellants; FIRST CITIZENS BANK AND TRUST COMPANY OF UTICA, as Successor Executor and Trustee under the Will of CHARLOTTE B. RIDINGS, Deceased, Respondent.

Argued March 8, 1948; decided April 23, 1948.

*Gardner A. Callanen, Jr.,* and *Arthur J. Foley* for appellants. I. The executor-trustee has failed to prove its case or show itself free from negligence in the discharge of its duties in the handling of the estate. (*Matter of Hosford,* 27 App. Div. 427; *Matter of Joost,* 50 Misc. 78; *Matter of Eisner,* 5 N. Y. S. 30; *Underhill* v. *Newburger,* 4 Redf. 499; *Matter of Richardson,* 149 Misc. 192; *Matter of Ziegler,* 258 App. Div. 1077.) II. The executor-trustee has failed to show that its management of the estate complied with the duty imposed by law. (*City Bank Farmers Trust Co.* v. *Cannon,* 264 App. Div. 429, 291 N. Y. 125; *Meinhard* v. *Salmon,* 249 N. Y. 458; *Matter of Dalsimer,* 251 App. Div. 385, 277 N. Y. 717; *Matter of Clark,* 257 N. Y. 132; *Matter of Richardson,* 149 Misc. 192, 229 App. Div. 738; *Strauss* v. *U. S. F. & G. Co.,* 63 F. 2d 174; *City Bank Farmers Trust Co.* v. *Smith,* 263 N. Y. 292; *Ireland* v. *Ireland,* 84 N. Y. 321.) III. Objectants have affirmatively shown negligence, if not actual misfeasance, on the part of the bank executor-trustee, sufficient to impel a surcharge for the loss sustained by the estate. (*United States ex rel. Willoughby* v. *Howard,* 302 U. S. 445; *Zimmerman* v. *Coblenz,* 170 Md. 468; *Weigand* v. *United Traction Co.,* 221 N. Y. 39; *Dolfini* v. *Erie R. R. Co.,* 178 N. Y. 1.) IV. The executor-trustee retained its own corporate stock as an estate asset in violation of its fiduciary responsibilities. V. The executor-trustee violated the rule of undivided loyalty. (*City Bank Farmers Trust Co.* v. *Cannon,* 291 N. Y. 125; *Carrier* v. *Carrier,* 226 N. Y. 114; *Matter of Durston,* 297 N. Y. 64; *Zimmerman* v. *Coblenz,* 185 A. 342.)

*James F. Hubbell* for respondent. I. It was not necessary for the testator specifically to name the stock in his will in order to give the executor and trustee power to hold it. II. The language of the testator in authorizing investments should be interpreted with the utmost liberality with a view of carrying out his intention. He is permitted to make all sorts of speculative investments in his lifetime and having by his efforts accumulated enough property to establish a trust fund, should be permitted to decide what risks may be taken with the fund after his death.

*Per Curiam.* The rule of undivided loyalty as applied to the retention by a corporate trustee of shares of its own stock is subject to the settlor's instructions when such instructions are clearly related to shares previously owned by the settlor. In this case the testatrix expressly authorized the retention in the trust of any investments left by her.

The order of the Appellate Division and the Surrogate's decree entered thereon should be affirmed, with costs to all parties appearing separately and filing briefs, payable out of the estate.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Order affirmed, etc.