Fuld, J.
This litigation, like Lichtyger v. Franchard Corp. (18 N Y 2d 528, also decided today), raises the question whether some of the limited partners of a partnership comprising a real estate syndicate have the capacity to bring a representative cause of action — either on behalf of the other limited partners or on behalf of the partnership — and, if they do, whether they are entitled to summary judgment.
The plaintiffs are five out of approximately 350 limited partners in Eiviera Congress Associates (hereafter referred to as the Syndicate), a real estate syndicate which is the owner in fee of the Eiviera Congress Motel in New York City. The individual defendants are the general partners who organized the Syndicate in 1961 pursuant to a prospectus which recited that the land was acquired ‘ ‘ for investment ’ ’ and that the Syndicate would not “ operate the property” but would lease it instead to the defendant Yassky Corporation for 20 years at a fixed annual net rental of $179,500. The prospectus also stated that the general partners were ‘ ‘ the sole principals of The Yassky Corporation ” and that they would not only “ contribute to [that company] $50,000 to be used for working capital, utility *544 deposits and advertising” but would also pay, “ out of their own funds, the sum of $125,000” in order to obtain for the corporation a motel franchise from Congress Enterprises, Inc. Finally, it was asserted that the lease was ‘ ‘ non-cancellable ’ ’ but could be assigned ‘ ‘ with the written consent of the General Partners * * * provided the assignee assumes all obligations of the tenant ’ In the partnership agreement, each limited partner acknowledged that “ he received and examined a copy of the offering Prospectus * * * and that he is relying solely upon the information contained therein and in the agreements and instruments referred to therein ”.
Yassky Corporation was given the lease in 1961 and, in 1962, with the consent of the general partners of the Syndicate, it assigned its interest in the .lease to Riviera Corporation of Manhattan, another company wholly owned and operated by the four individual defendants. In September, Riviera Corporation of Manhattan assigned its interest to Mid-Manhattan Associates, a limited partnership consisting of the four individual defendants as general partners and 19 limited partners. Mid-Manhattan Associates simultaneously subleased the premises back to Riviera Corporation. At this point, then, the motel was being operated by a corporation (Riviera) but both the landlord and tenant were limited partnerships of which the same.persons, the four individual defendants, were general partners.
On March 29, 1963, after sustaining $170,000 in operating losses, Mid-Manhattan Associates, with the consent of the general partners of the Syndicate, assigned its interest in the lease to Mid-Manhattan Hotel Associates, Inc., another corporation wholly owned by the individual defendants. Later that same day, the lease was reassigned to Riviera Congress Associates, Inc., a corporate subsidiary of the Syndicate. Riviera Corporation then assigned its sublease to Riviera Congress Associates, Inc., thus putting the Syndicate in full possession of the motel without a tenant. The general partners advised the limited partners that, ‘ ‘ due to current financial losses suffered by the operating lessee, the General Partners on behalf of the partnership have accepted a surrender of the operating lease ”. The limited partners who had previously shared in the fixed rental derived from the property thereafter ceased to receive any *545 return on their investments.[1] About 250 of the 350 limited partners met together and selected an “ Investors’ Committee ” to protect their interests.[2]
Five of the limited partners, some of whom were on the Investors’ Committee, brought this suit in the name of the partnership, alleging three separate causes of action for money damages. The first cause is a claim against the four individual defendants, not in their capacity as the general partners of the Syndicate, but rather in their capacity as general partners of the other real estate syndicate, Mid-Manhattan Associates, for nearly a half million dollars in rent said to be due and owing since April 1, 1963 to the Syndicate from Mid-Manhattan Associates. The second cause of action charges the individual defendants, this time solely in their capacity as general partners of the Syndicate, with a “ breach of duty ” in consenting to the assignment of the lease by Mid-Manhattan Associates. And the third cause accuses the individual defendants, again solely in their capacity as general partners of the Syndicate, with having breached and violated the fiduciary duty that they owed to the Syndicate by conspiring with the defendant Yassky Corporation and consenting to the assignment of the lease by the latter corporation to Riviera Corporation. These last two causes of action are not presently before us. They have been made the subject of a separate demand for arbitration in accordance with an arbitration clause in the partnership agreement.[3]
In their amended answer, the defendants attacked the plaintiffs ’ right to maintain the action in the name of the partnership *546 and set up, as an affirmative defense to the first cause of action for rent, a release given by the general partners of the Syndicate when they consented to the assignment of the lease by Mid-Manhattan Associates to a corporation. In short, the cause of action is for rent; the defense is release; and the plaintiffs counter with a claim that the release is invalid because it was given by the defendants, as general partners of the Syndicate, to themselves, as general partners of Mid-Manhattan Associates — it being urged that such self-dealing is a breach of fiduciary obligations.
Both sides moved for summary judgment pursuant to CPLR 3212 on the first cause of action. The plaintiff prevailed at Special Term but, on appeal, the Appellate Division unanimously modified the resulting order, noting (25 A D 2d 291, 295) that, since “ the limited partnership agreement and the prospectus relied upon permitted self-dealing ’ ’, there were questions of fact pertaining to the defendants’ “good faith”. Citing its own decision in Millard v. Newmark & Co. (24 A D 2d 333), the Appellate Division went on to say (pp. 296-297) that, while the “ action could not * * * be maintained ” by the plaintiffs as either a class or derivative suit, they could sue individually for an accounting.
We have already indicated in the Lichtyger case (18 N Y 2d 528, 534, supra) that a few limited partners in a real estate syndicate may bring a class action on behalf of the other limited partners ‘ ‘ Where the question is one of a common or general interest” to them (CPLR 1005, [a]). In the case before us, a reading of the complaint demonstrates that the plaintiffs instituted, and properly so, a derivative suit on behalf of the partnership, rather than a class action on behalf of their fellow limited partners. The cause of action asserted is for the payment of rent, an obligation which Mid-Manhattan Associates expressly assumed when it accepted the assignment of the lease from Riviera Corporation. That obligation, it is clear, runs to the Syndicate, as landlord, not to its limited partners who are, for all intents and purposes, strangers to the contract. Accordingly, a suit for rent must be brought by the Syndicate or by someone who is entitled to act on its behalf. (Cf., e.g., Routsis v. Swanson, 26 A D 2d 67; Lyons Holding Corp. v. Home Tit. Ins. Co., 250 App. Div. 640.)
*547 CPLE 1025 provides that a partnership “ may sue or be sued in the partnership name ” and, in Ruzicka v. Rager (305 N. Y. 191, 197), we held that, “ for purposes of pleading, a partnership is to be regarded as a legal entity ”. (See, also, Williams v. Hartshorn, 296 N. Y. 49.) We hold that the plaintiffs are authorized to sue as limited partners on behalf of the partnership entity to enforce a partnership claim when those in control of the business wrongfully decline to do so.
To be sure, section 115 of the Partnership Law explicitly excludes limited partners from most legal proceedings involving the partnership by providing that “ A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner’s right against or liability to the partnership.” However, we believe that the purpose of the statute is solely to restrain limited partners from interfering with the right of the general partners to carry on the business of the partnership. The basis for this lawsuit is that the general partners have declined to carry on the business of the partnership by wrongfully refusing to enforce a partnership claim for rent against a former tenant.
There can be no question that a managing or general partner of a limited partnership is bound in a fiduciary relationship with the limited partners (see, e.g., Meinhard v, Salmon, 249 N. Y. 458) and the latter are, therefore, cestuis que trustent. (See Lichtyger v. Franchard Corp., 18 N Y 2d 528, supra.) It is fundamental to the law of trusts that cestuis have the right, “upon the general principles of equity” (Robinson v. Smith, 3 Paige Ch. 222, 232) and “ independently of [statutory] provisions ” (Brinckerhoff v. Bostwick, 88 N. Y. 52, 59), to sue for the benefit of the trust on a cause of action which belongs to the trust if “ the trustees refuse to perform their duty in that respect ”. (Western R. R. Co. v. Nolan, 48 N. Y. 513, 518; see, e.g., Bonham v. Coe, 276 N. Y. 540; Matter of Straut, 126 N. Y. 201, 212; Brooklyn Free Kindergarten Soc. v. Elbran Realty Corp., 255 App. Div. 852; Robinson v. Adams, 81 App. Div. 20, 25.) The derivative suit is, in effect, “ a combination of two causes of action” — one against the trustees for wrongfully refusing to sue and the other against the party who is liable to the trust. (Koral v. Savory, Inc., 276 N. Y. 215, 218.) In the *548 case before ns, the cause of action for rent belongs to the Syndicate alone. Since its general partners will not sue because they are the very persons who would be liable for payment of the rent, the limited partners, as cestms que trustent, should be permitted to initiate the necessary legal proceedings on behalf of the Syndicate. (See Klebanow v. New York Produce Exch., 344 F. 2d 294; Note, Standing of Limited Partners to Sue Derivatively, 65 Col. L. Rev. 1463.)
On the remaining issue in this appeal — whether the plaintiffs have made out a case for summary judgment — we agree with the Appellate Division that disputed questions of fact are presented which require a trial. The plaintiffs charge a breach of fiduciary duty by the general partners in that they were assert-edly guilty of self-dealing and, on the surface, it is difficult to dispute the fact of such self-dealing since they leased the motel to their own thinly capitalized corporation and then consented to successive assignments of the lease to other business entities which they owned or controlled. Ordinarily, such self-dealing would render the defendants incapable, as general partners of the Syndicate, from releasing themselves from liability on the lease, as general partners of Mid-Manhattan Associates. (See, e.g., Matter of Lewisohn, 294 N. Y. 596.) However, partners may include in the partnership articles practically ‘ ‘ any agreement they wish ” (Lanier v. Bowdoin, 282 N. Y. 32, 38) and, if the asserted self-dealing was actually contemplated and authorized, it would not, ipso facto, be impermissible and deemed wrongful. (See, e.g., City Bank Farmers Trust Co. v. Cannon, 291 N. Y. 125; Matter of Balfe, 245 App. Div. 22; cf. Matter of Dow, 5 N Y 2d 739; Matter of Ridings, 297 N. Y. 417.) As bearing on this, it seems clear that the limited partners were fully apprised in the prospectus that the defendant general partners intended to lease the premises to their own corporation and that such tenant would be capitalized at only $50,000. This clear statement of purpose has the effect of ‘ ‘ exonerating ’ ’ the defendants, at least in part, ‘ ‘ ‘ from adverse inferences which might otherwise be drawn against them ’ ’ ’ simply from the fact that they dealt with themselves. (Everett v. Phillips, 288 N. Y. 227, 237.) Since the papers before us disclose an issue of fact whether the defendants acted “honestly and in good faith” *549 (Matter of Balfe, 245 App. Div. 22, 24, supra), determination of that question may only be resolved upon a trial.
The order of the Appellate Division denying the plaintiffs’ motion for summary judgment should be affirmed, without costs, and the certified question answered in the affirmative.
Chief Judge Desmond and Judges Van Voorhis, Burke, Soileppi, BeRgan and Keating concur.
Order affirmed, etc.

. The Syndicate apparently now has a different tenant, Congress Riviera Operating Co., Inc., but the record does not disclose when that tenant acquired its leasehold interest, nor is it claimed by the defendants that the limited partners have shared in the rentals paid by such tenant.

. According to an affidavit (in the record) of one of the plaintiffs who is a member of the Investors’ Committee, “not a single limited partner has notified the Committee that the Committee is not to act as such partner’s representative ”.

. Some of the plaintiffs have also brought a class aetion against these same defendants in the Federal District Court for the Southern District of New York, alleging violations of Federal and New York securities laws. In that suit, they seek rescission of the partnership agreement and request that all of the limited partners be permitted to recover the respective sums paid by them for their limited partnership interests,