John D. Bennett, J.
In these accounting proceedings the guardian ad litem interposed the following objections:
(1) That the fiduciaries be surcharged for retaining convertible preferred stock of Franklin New York Corporation, the parent corporation of Franklin National Bank, a successor trustee herein;
(2) That the fiduciaries should be surcharged for depositing trust' funds in savings accounts at the Franklin National Bank;
(3) That the fiduciaries should be surcharged for depositing $6,450 on August 25, 1972 in a checking account at a commercial bank where it remained until August 13, 1973. '
The transcript of an examination before trial of a trust officer of the Franklin National Bank and affidavits from him, the surviving trustee and an attorney were submitted to the court together with a stipulation consenting that this matter be determined on the papers filed with the same effect as if a hearing had been held.
The decedent died on October 11, 1965 leaving a will and codicil which were admitted to probate. She nominated two individual executors and trustees and provided for the appointment of a successor trustee in certain events.
The residuary of her estate was held in trust with income payable to her daughter for life and upon her death the corpus of the trust then remaining was to be divided into three separate trusts for her daughter’s three children, to be held until they each reached age 30. The guardian ad litem represents two of the infant grandchildren; the third has reached her majority and has not interposed any objections to the account.
At the time of the decedent’s death in 1965 she owned 1,309 *137 shares of common stock of Federation Bank and Trust Company. This stock had been acquired when the Citizens Bank of Brooklyn (of which she and her late husband had been principal stockholders and her husband also an officer and director since the bank was organized and incorporated) was merged with the Federation Bank and Trust Company. The latter was then merged after her death with Franklin National Bank. The Federation Bank and Trust Company stock was exchanged for 1,341 shares of convertible preferred stock of Franklin National Bank and these shares were subsequently exchanged for 1,341 shares of convertible preferred stock of Franklin New York Corporation when Franklin National Bank was reorganized in 1969. Franklin National Bank was appointed successor trustee on August 3, 1973 to take the place of one of the individual trustees who died. The income beneficiary of the trust has now died and the fiduciaries have submitted their intermediate account.
After Franklin National Bank became a successor trustee they reviewed their portfolio and decided at that time to retain the stock which had a current value of approximately $31-32 a share. The trustees reviewed the portfolio from time to time thereafter and decided to hold the stock until May 10, 1974 when trading of the stock was suspended and at the present time it appears that the stock has no value as a result of the collapse of the bank. It is the position of the guardian ad litem that the trustees of the bank held on to the stock in order not to embarrass the management of the Franklin National Bank and that there was a conflict of interest in that the corporate trustee was possibly more concerned with protecting the bank which had financial difficulties rather than concentrate all of its efforts to protect the portfolio of the trust.
The issue raised by the guardian ad litem regarding the retention of the bank stock is whether the fiduciaries were authorized to retain the stock because of a conflict of interest. There is no question that a taint existed in the retention in the portfolio of the trust of stock owned by one of the fiduciaries. It matters not whether the fiduciaries acted in good faith in retaining the stock for the courts must insist on rigid adherence to the principle that divided loyalties should be avoided so that all temptations can be removed from one acting as fiduciary unhindered with the possible desire to serve its own interests in conflict with its duty to act solely for *138 the benefit of the trust (City Bank Farmers Trust Co. v Cannon, 291 NY 125).
A fiduciary has an obligation to extricate itself from a conflict of interest by either not qualifying to act as trustee or selling an unauthorized retention of stock of its own corporation (Matter of Ryan, 291 NY 376). Even broad powers of investment authorized by the terms of decedent’s will do not absolve a fiduciary from the conflict of interest of owning stock in its own corporation (Matter of Durston, 297 NY 64) and if the conflict of interest exists and a surcharge is to be levelled against the corporate fiduciary, the surcharge also must be levelled against the individual trustee who should have insisted that the stock be sold or not purchased (Matter of Durston, supra).
Under article twelfth (a) the testatrix authorized the fiduciary to "retain any property * * * however acquired”. Accordingly, had Federation Bank and Trust Company been an initial fiduciary and part of the estate portfolio consisted of stock of Federation Bank and Trust Company, they would have been authorized to retain these shares of stock. Since the rule of undivided loyalty as applied to the retention of corporate trustees of shares of its own stock is subject to the testatrix’ authorization that they be retained, this authorization appears to cover instances where the stock is subsequently merged or consolidated with another corporation (Matter of Ridings, 297 NY 417; Matter of Read, 84 NYS2d 871).
Accordingly, the court finds that the trustees were authorized to retain the stock in spite of the conflict of interest. In spite of said power to retain, the court could surcharge a trustee if it found that the trustee acted recklessly or did not act in good faith. The power to retain removed the possibility of surcharge brought about by an automatic taint where a fiduciary acts in good faith. The authorization does not apply when the fiduciary does not act in good faith and a surcharge is still possible. However, based on the testimony submitted to the court, the court cannot find that the trustees acted in bad faith but that they made a considered judgment regarding the retention of the stock and they should not be second-guessed (Matter of Bank of N. Y., 35 NY2d 512).
As to the retention of assets in the bank’s savings accounts, the record clearly demonstrates that the trustees were making short-term deposits in order to have liquid assets ready for *139 investment and they have demonstrated that they used proper judgment in the investment of the cash in short-term deposits in order to have funds available for investment. The funds earned interest and the delay of having to transfer these funds to savings banks to earn additional interest would not be justified because of the need to have the funds readily available. The investment was secure and there is no basis for a surcharge. The guardian ad litem’s objection concerning these deposits is overruled.
As to the funds retained in the checking account, these represented commissions due the fiduciaries. They elected to have the funds remain as trust assets for their own benefit to be taken at a subsequent date. The assets represent commissions earned from August 25, 1972 to August 13, 1973 as determined by the decree of August 3, 1973. The funds were earmarked for them and the court does not find any basis for a surcharge. Accordingly, the objection of the guardian ad litem concerning the failure to deposit these funds which were earmarked for commissions is overruled.
The account should be supplemented by affidavit and a supplemental report of the guardian ad litem should be filed.