Harold **HORNREICH**, on behalf of himself and all other shareholders of Plant Industries, Inc., a Delaware Corporation, Appellant,

v.

**PLANT INDUSTRIES, INC.**, a Delaware Corporation, et al., Appellees.

No. 74–2269.

United States Court of Appeals, Ninth Circuit.

May 21, 1976.

Harvey F. Grant (argued), of Caditz & Grant, Beverly Hills, Cal., for appellant.

Louis A. Craco (argued), of Willkie, Farr & Gallagher, New York City, for appellees.

## OPINION

Before CHAMBERS, DUNIWAY and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

This is an appeal from a judgment denying appellant relief in a class action prosecuted under the provisions of Rule 23.1 F.R. Civ.P., on the ground that under the facts as presented he could not fairly and adequately represent other shareholders of Plant Industries, Inc. [Plant].

## PROCEDURAL BACKGROUND

After the filing of appellant's complaint under the mentioned rule, the appellees filed a motion for judgment on the pleading, attaching documentary evidence in support of their theory. Appellant responded by filing a brief in opposition and an affidavit. Appellees filed additional affidavits and memoranda on March 15, 1974. Pending at the time of the final hearing on March 18th was appellant's motion to file an amended pleading which would remedy an admitted defect in the original complaint. It is clear that at the time of the hearing everyone understood they were presenting for decision the issue of whether on the record as made up of the pleadings, the affidavits, the letters, the motion to amend and other material presented, the appellant could fairly and adequately represent the other shareholders of Plant. Although no live witnesses were called at the hearing, the record makes it obvious that the parties intended to and did try out that issue on the then pending motions. Briefly summarized, the court had before it at the time of its ruling the following material: (1) the fact that appellant had resigned from Plant Board and had been fired as a result of a dispute, (2) the fact that at the time the motion was heard appellant was engaged in two pending actions against Plant, (3) an uncontested affidavit by counsel for appellees that fifteen months before the suit was filed, appellant had threatened a law suit against Plant for leverage on his other claims, (4) a claim in the same affidavit that three offers of omnibus settlement were made "which appear" to include a settlement of this case, and (5) a letter by appellant to a member of Plant's Board in regard to the two other cases, suggesting that a settlement would mean no more legal fees and would avoid the probability of a substantial future judgment.

## BASIC FACTS

In 1968, appellant and his brother sold Sunaid, an independent corporation, to Plant in exchange for shares of the latter's capital stock. He then became a member of Plant's Board. Additionally, and as part of the same transaction, an employment contract was agreed to under which Plant hired appellant in exchange for covenants not to compete. At all pertinent times since that date, appellant has been a substantial shareholder in Plant.

The relationship between the parties remained amiable until 1971 when a dispute arose between Plant management and appellant, as a result of which the latter was fired.

In August, 1971, appellant brought an action on the contracts relating to the 1968

sale and his employment by Plant. During the litigation, appellant indicated to Plant's counsel that if settlement were not reached, he would file suit concerning the acquisition which is the subject of the present litigation. The 1971 case was bifurcated and the issue of liability was tried in 1973. Plant was released from the covenant not to compete. At the time the instant case was tried, the damages in the 1971 action had not yet been determined.

Later in 1973, appellant filed this shareholders' derivative suit to recover damages allegedly sustained as the result of misleading statements and omissions contained in a proxy statement distributed to Plant shareholders to solicit their proxies to be voted in favor of acquisition by Plant of the assets of Rainbow Tomato Company, Ltd.

In a third suit, also filed in August, 1973, appellant sued to evict Sunaid, now a wholly-owned subsidiary of Plant, from land which Sunaid leased. This case was decided in the Florida courts against appellant.

### ANALYSIS

Rule 23.1, F.R.Civ.P., provides, among other things, that a shareholder derivative action "may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders . . . similarly situated . . . . ."

In considering the record before it, the district court quite properly considered whether appellant satisfied the requirements of the rule in question. In determining the adequacy of appellant as a representative of other shareholders, the court was entitled to rely not only upon the pleadings, but also the affidavits submitted by the parties relating information of direct consequence to the issue before the court. *Shulman v. Ritzenberg* (a Rule 23 class action case), 47 F.R.D. 202 (D.D.C.1969). The appellant having made no objection to the procedure followed in the district court, or offered additional evidence, is in no position to complain.

Determination of right to bring a class action under Rule 23, F.R.Civ.P., is in the considered discretion of the trial court. Under the standard which has evolved in this circuit for the review of these determinations, which by analogy should also apply to determinations under Rule 23.1, we will not overturn a determination upon appeal unless it is shown that the district court abused its discretion. *Clark v. Watchie,* 513 F.2d 994 (C.A.9 1975); *Rutledge v. Electric Hose & Rubber Co.,* 511 F.2d 668 (C.A.9 1975).

Although the evidence is not wholly undisputed, and even though there is a possibility that some of the facts might not in themselves prevent a derivative suit, when considered in totality, we cannot say that the district court abused its discretion in denying appellant's claim to proceed. Consequently, we hold there is a sound basis for the court's conclusion that appellant could not fairly and adequately represent other shareholders and that it did not abuse its discretion.

Since appellant is not entitled to proceed, we need not examine his other claims. *Nolen v. Shaw-Walker Co.,* 449 F.2d 506, 508 (C.A.6 1971).

Accordingly, the judgment of the district court is affirmed.