598 P.2d 521 (1979)
Charles F. GUNDELACH, Plaintiff-Appellee,
v.
Ronald GOLLEHON and Ron Nestor, Defendants-Appellants.
No. 78-455.
Colorado Court of Appeals, Div. I.
May 10, 1979.
Rehearing Denied May 31, 1979.
*522 Toedte & Sandblom, Lynn W. Toedte, Denver, for plaintiff-appellee.
Weltzer & Worstell, Louis A. Weltzer, Denver, for defendants-appellants.
VanCISE, Judge.
Defendants appeal from the judgment entered by the trial court in favor of plaintiff. We modify the judgment in part and, as modified, affirm.
In 1973 plaintiff, Charles Gundelach, invested in a limited partnership known as RN Associates Limited, of which defendants were the sole general partners. The partnership was formed for the purpose of purchasing a 112 acre parcel of real property in Perry Park and then holding the land until a profitable sale could be made to a developer.
Plaintiff and the 24 other investors each purchased one "unit" of the partnership and most agreed to a deferred payment plan. The plaintiff paid $1760 down and agreed to make 98 monthly payments of $125. With the down payments of the limited partners, RN Associates made a down payment on the 112 acre parcel and entered into an installment purchase contract or "contract for deed" with the owner of the property. With the deferred payments of the limited partners, the partnership made its monthly payments on the installment contract.
Defendants were also involved with two other partnerships that were engaged in the purchase of similar parcels of real property in Perry Park. These partnerships were Echo Hills Associates, a general partnership, and R & R Associates, another limited partnership. Defendants alleged that in the latter part of 1975 they were contacted by some members of all three partnerships who indicated that they wanted to own some land free of any encumbrance and to terminate their installment payments.
Defendants then conceived the following plan: They would pool the equity of the three partnerships, creating one large general partnership, and purchase one parcel of property outright. The parcel chosen was that being purchased by Echo Hills Associates. The parcel under contract to RN Associates, the limited partnership in which plaintiff had invested, was to be given up to the installment seller in exchange for a credit for the equity already paid in, towards purchase of the Echo Hills property.
After he was notified of this consolidation plan, plaintiff indicated to the defendants that he did not wish to become a general partner in the new partnership, and he demanded return of the amount he had so far contributed, $5,260. The consolidation plan was approved by 23 of the 25 limited partners of RN Associates, plaintiff and another dissenting, and the plan was then consummated.
This action was thereafter commenced by plaintiff. After trial to the court, judgment was entered against defendants[1] and *523 in favor of plaintiff for $5,260, plus interest from the date plaintiff demanded return of his contribution.
Section 7-61-110(1), C.R.S.1973, a part of our Uniform Limited Partnership Law, provides in part:
"[W]ithout the written consent or ratification of the specific act by all the limited partners, a general partner or all of the general partners have no authority to:
. . . . .
(b) Do any act which would make it impossible to carry on the ordinary business of the partnership." (emphasis added)
Defendants do not contend that plaintiff gave his consent or ratified the consolidation plan. Neither is it disputed that the 112 acre parcel was the sole asset of the RN Associates Limited Partnership.
The business of the partnership is defined in paragraph 4 of the Articles of Limited Partnership:
"The purposes of the Limited Partnership shall be to acquire, own, hold, manage, improve, and lease real estate to be acquired by the partnership and described in Exhibit B [the 112 acre parcel described above] attached hereto and to engage in any and all general business activities related to [sic] incidental thereto."
The certificate of limited partnership is to the same effect. We therefore conclude that upon transfer of the sole asset of the limited partnership, it was no longer possible for the partnership to carry on its ordinary business within the meaning of § 7-61-110(1)(b), C.R.S.1973.
Since a general partner owes a fiduciary duty to the limited partners, see Miller v. Schweickart, 405 F.Supp. 366 (S.D.N.Y. 1975); Bassan v. Investment Exchange Corp., 83 Wash.2d 922, 524 P.2d 233 (1974); Riviera Congress Associates v. Yassky, 18 N.Y.2d 540, 277 N.Y.S.2d 386, 223 N.E.2d 876 (1966), the doing of an act proscribed by § 7-61-110(1)(b), C.R.S.1973 is a breach of that duty. See Newburger, Loeb & Co. v. Gross, 563 F.2d 1057 (2d Cir. 1977); McGlynn v. Schultz, 90 N.J.Super. 505, 218 A.2d 408 (1966), aff'd, 95 N.J.Super. 412, 231 A.2d 386 (1967). Thus the trial court properly concluded that defendants are liable to the plaintiff.
Defendants contend, however, that § 7-61-117, C.R.S.1973, which provides that a limited partner may not have return of his contribution until certain events have occurred, precluded the trial court from awarding damages to plaintiff. We disagree. Defendants misconstrue the import of the statute. The trial court did not order that plaintiff's contribution as such be returned, and plaintiff has disclaimed all interest therein. Rather, it assessed damages for a breach of fiduciary duty, basing the amount upon plaintiff's contribution, as being in effect the minimum amount of such damages. Such an award is supported by the evidence, and is not prohibited by § 7-61-117, C.R.S.1973.
The trial court awarded plaintiff interest from the time he demanded return of his contribution, even though this was prior to transfer of the 112 acres and the consequent dissolution. This was in error. Defendants' breach of fiduciary duty did not occur until the land was disposed of, and plaintiff's right to recover damages and interest thereon accrued no earlier than that date. See § 5-12-102, C.R.S.1973 (1978 Cum.Supp.). Inasmuch as plaintiff's damage claim was unliquidated until the amount of the damages was determined by the trial court, the plaintiff was not entitled to pre-judgment interest. Yeager Garden Acres, Inc. v. Summit Construction Co., 32 Colo.App. 242, 513 P.2d 458 (1973).
We see no merit in defendants' contention that plaintiff was barred by waiver or estoppel.
*524 The judgment is modified to delete the pre-judgment interest and, as modified, is affirmed.
COYTE and STERNBERG, JJ., concur.
NOTES
[1] Because of our disposition of this case, it is immaterial that defendants were sued in their individual capacities and that the partnership was not joined as a party. As explained below, the defendants have breached their fiduciary duties to plaintiff and are therefore liable individually. The partnership was dissolved prior to the time this action was filed and could therefore not be a party to the action. See Western Spring Service Co. v. Andrew, 229 F.2d 413 (10th Cir. 1956).