**Robert W. MOORE, on his own behalf and on behalf of 1600 Downing Street, Ltd., a Colorado limited partnership, Plaintiff-Appellant,**

v.

**1600 DOWNING STREET, LTD., a Colorado limited partnership, and John Vacek, Thomas W. Slack, Thomas W. Bennett, Tomio Kawano, North Downing, Inc., a Colorado corporation, George McIntosh, Ernest Bustamante, Walter Daniels, Ray Perschbacher, Wendell B. Fitzgerald, James W. Bennett, Dennis M. Thompson, Donald J. Walder, D.L. Durham, and Thomas M. Sullivan, Defendants-Appellees.**

No. 80CA0529.

Colorado Court of Appeals,
Div. III.

March 31, 1983.

Rehearing Denied April 28, 1983.

Certiorari Denied Aug. 15, 1983.

Head, Moye, Carver & Ray, John E. Moye, Craig R. Carver, Edwin A. Naylor, Denver, for plaintiff-appellant.

C.E. Eckerman, Denver, for defendants-appellees 1600 Downing Street, Ltd. and North Downing, Inc.

Paul D. Renner, P.C., Paul D. Renner, John R. Rodman, Denver, Wood, Ris & Hames, Christopher M. Brandt, Denver, for defendant-appellee Thomas M. Sullivan.

Brenman, Epstein, Zerobnick, Raskin & Friedlob, P.C., Deborah Linn, Denver, for defendant-appellee Wendell B. Fitzgerald.

Feder, Morris & Tamblyn, P.C., Harold A. Feder, Margaret N. Dillon, Denver, for defendants-appellees John R. Vacek and Thomas W. Slack.

No appearance for defendants-appellees Thomas W. Bennett, Tomio Kawano, George McIntosh, Ernest Bustamante, Walter Daniels, Ray Perschbacher, James W. Bennett, Dennis M. Thompson, Donald J. Walder and D.L. Durham.

BERMAN, Judge.

In a derivative action by a limited partner, plaintiff, Robert Moore, appeals the summary judgment entered for defendants. Because we find that there are genuine issues of material fact to be determined, we reverse and remand to the trial court.

This limited partnership derivative action was filed by Moore, a limited partner having a 6% interest, on behalf of himself and on behalf of the limited partnership, 1600 Downing Street, Ltd. Moore later conceded both in his appellate briefs and at oral argument that he was not pursuing any claims on his own behalf; rather, it was purely a derivative action. The claims include mismanagement, misrepresentation, and breaches of fiduciary duties by the general partners and third parties.

A number of motions to dismiss were filed by defendants, but were denied by the trial court. While the case was pending, a new judge was assigned to the case. After an affidavit and additional factual materials were presented to the court, many of the same issues raised by the motions to dismiss were renewed in summary judgment motions. These motions asserted that a limited partnership derivative action may not be maintained in Colorado, that Moore's sole remedy is a return of his capital contribution, and that, in the alternative, if a limited partnership derivative action is permitted in Colorado, Moore did not fairly and adequately represent the interests of those similarly situated. Moore contested all of the above grounds, and also maintained that the denial of defendants' motions to dismiss was the law of the case as to all issues raised by those motions.

Summary judgment was granted, and this appeal followed. Because no one reason was given for the trial court's ruling, we assume that it considered each of the grounds asserted in support of the motions, as well as Moore's counter arguments; thus, we discuss each separately here.

I.

Moore first argues that the denial of defendants' motions to dismiss constitutes the law of the case as to all issues raised in defendants' summary judgment motions. We disagree.

■ The rule of the law of the case is a discretionary "rule of practice, based upon sound policy that once an issue is decided, that should be the end of the matter." *Verzuh v. Rouse,* 660 P.2d 1301 (Colo.App. 1982), *citing United States v. United States Smelting, Refining & Mining Co.,* 339 U.S. 186, 70 S.Ct. 537, 94 L.Ed. 750 (1950). However, it does not generally apply to the denial of interlocutory motions. *Connolly v. Pension Benefit Guaranty Corp.,* 673 F.2d 1110 (9th Cir.1982). Nor is it generally applied when there is new evidence before the court. *Beedy v. Washington Water Power Co.,* 238 F.2d 123 (9th Cir.1956). *See also* 1B *Moore's Federal Practice* ¶ 0.404 (2d ed. 1982).

■■ A second judge assigned to a case may entertain an interlocutory motion denied by the previous judge. *Denver Electric & Neon Service Corp. v. Gerald H. Phipps, Inc.,* 143 Colo. 530, 354 P.2d 618 (1960) (motion to dismiss). *See People v. Lewis,* 659 P.2d 676 (Colo.1983). If, as in *Denver Electric,* a motion to dismiss may be so reconsidered, it would be incongruous to hold that a motion for summary judgment, even if based on the same issues argued in earlier motions to dismiss, is barred by the law of the case doctrine.

## II.

Moore argues that if the trial court's basis for granting summary judgment was a refusal to recognize the right of limited partners to sue derivatively, the court was in error. We agree.

■ Preliminarily, we note that this limited partnership was formed in 1973. Hence, the provision of the Uniform Limited Partnership Act, as reenacted in 1981, which specifically permits a derivative action by a limited partner, § 7–62–1001, C.R.S.1973 (1982 Cum.Supp.), is not applicable; rather the action is governed by the Uniform Limited Partnership Law, § 7–61–101, et seq., C.R.S.1973, and the common law.

■ Beginning with the landmark decision of *Klebanow v. New York Produce Exchange,* 344 F.2d 294 (2nd Cir.1965), the majority of jurisdictions to have considered the issue have concluded that, *under the common law,* a limited partner may bring a derivative action against the general partners for breach of fiduciary duty in the management of the affairs of the partnership if the general partners refuse to or are unable to bring such an action. *See, e.g., Riviera Congress Associates v. Yassky,* 18 N.Y.2d 540, 277 N.Y.S.2d 386, 223 N.E.2d 876 (1966); *McCully v. Radack,* 27 Md.App. 350, 340 A.2d 374 (1975); *Smith v. Bader,* 458 F.Supp. 1184 (S.D.N.Y.1978) (applying California law); *Strain v. Seven Hills Associates,* 75 A.D.2d 360, 429 N.Y.S.2d 424 (1980) (applying Ohio law); *Engl v. Berg,* 511 F.Supp. 1146 (E.D.Pa.1981); *Phillips v. KULA 200, Wick Realty, Inc.,* 629 P.2d 119 (Haw.App.1981); *Jaffe v. Harris,* 109 Mich. App. 786, 312 N.W.2d 381 (1981).

The rationale behind permitting such suits was stated succinctly by the New York Court of Appeals:

"There can be no question that a managing or general partner of a limited partnership is bound in a fiduciary relationship with the limited partners ... and that the latter are, therefore, *cestuis que trustent* [sic] .... It is fundamental to the law of trusts that *cestuis* have the right 'upon the general principles of equity' ... and 'independently of [statutory] provisions ... to sue for the benefit of the trust on a cause of action which belongs to the trust if' the trustees refuse to perform their duty in that respect."

*Riviera Congress Associates v. Yassky, supra* (brackets in original).

■ However, defendants argue that § 7–61–127, C.R.S.1973, prevents plaintiff from bringing this derivative action. This statute provides:

A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership.

Beginning with the *Klebanow* opinion, and continuing through the majority of those cases to follow, the courts have reject-

ed arguments based on statutes identical to § 7–61–127, C.R.S.1973. The *Klebanow* court reasoned as follows:

"The purposes of § 115 [New York's version of § 7–61–127] . . . were reasonably plain. General partners need not join limited partners in an action by the partnership; ordinarily limited partners may not sue since this will interfere with the management by the general partners, *Lieberman v. Atlantic Mutual Ins. Co.,* 62 Wash.2d 922, 385 P.2d 53 (1963); a suitor against the partnership need not join a limited partner; indeed, he may not do so if the partnership be solvent . . . . The words say this and say it well. *But they do not have to be read as saying that a limited partner cannot bring an action on behalf of the partnership when the general partners have disabled themselves or wrongfully refused; and, although they could be so read, we see no sufficient reason for doing so when in quite similar situations the cestui que trust or the preferred stockholder is allowed to do exactly that.*"

*Klebanow v. New York Produce Exchange, supra* (emphasis added). *Accord Jaffe v. Harris, supra; Strain v. Seven Hills Associates, supra; Smith v. Bader, supra.*

### III.

■ The third issue raised during hearings on the summary judgment motions was whether a limited partner's sole remedy is the return of his contribution with interest. We hold such remedy to be nonexclusive.

Defendants rely on *Gundelach v. Gollehon,* 42 Colo.App. 437, 598 P.2d 521 (1979) and § 7–61–117, C.R.S.1973, to argue that the trial court should have awarded Moore his contribution with interest, in lieu of permitting a derivative suit. However, the *Gundelach* court specifically recognized that a general partner owes a fiduciary duty to a limited partner, and recognized that the *minimum* amount of damages for such a breach is a return of contribution. It in no way limited the amount of damages recoverable, nor did it touch on the question of

whether a suit seeking such damages was limited to one brought by a limited partner in his individual capacity, or included one brought on behalf of the business entity in the form of a derivative suit.

### IV.

■ Moore's final argument is that he fairly and adequately represents the partnership members similarly situated. We hold that the record has not been adequately developed on this factual issue; thus, summary judgment was not proper. C.R. C.P. 56(c); *Discovery Land & Development Co. v. Colorado-Aspen Development Corp.,* 40 Colo.App. 292, 577 P.2d 1101 (1977).

C.R.C.P. 23.1 governs "derivative action[s] brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association . . . ." and provides that a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." The record reveals that approximately 47 of the other limited partners, at the behest of defendants, submitted letters wherein they stated that they did not believe that Moore represented their interests in this lawsuit. In addition, one limited partner submitted an affidavit to that effect. However, it appears from the record that at least six limited partners have not expressed their opinion on this issue. The trial court must determine, on remand, whether any of these six limited partners are similarly dissatisfied with the actions of the general partners. *See Clemons v. Wallace,* 42 Colo.App. 17, 592 P.2d 14 (1978).

■ If the court finds that one or more other limited partners are similarly dissatisfied, the court must consider, in addition to the extent of support shown by the members plaintiff seeks to represent, the following factors:

"economic antagonisms between representative and class; the remedy sought by plaintiff in the derivative action; indi-

cations that the named plaintiff was not the driving force behind the litigation; plaintiff's unfamiliarity with the litigation; other litigation pending between the plaintiff and defendants; the relative magnitude of plaintiff's personal interests as compared to his interest in the derivative action itself; [and] plaintiff's vindictiveness toward the defendants . . . ."

*Davis v. Comed, Inc.,* 619 F.2d 588 (6th Cir.1980).

The above list is not necessarily exhaustive, since in every new factual situation, new considerations may arise. *See, e.g., Hornreich v. Plant Industries, Inc.,* 535 F.2d 550 (9th Cir.1976); *G.A. Enterprises, Inc. v. Leisure Living Communities, Inc.,* 517 F.2d 24 (1st Cir.1975); *Nolen v. Shaw-Walker Co.,* 449 F.2d 506 (6th Cir.1971); *Roussel v. Tidelands Capital Corp.,* 438 F.Supp. 684 (N.D.Ala.1977).

The judgment is reversed and the cause is remanded for further proceedings, including such evidentiary hearings as may be appropriate, consistent with this opinion.

KIRSHBAUM and TURSI, JJ., concur.