■ WESTCHESTER RELIGIOUS INSTITUTE, Appellant, v WILLIAM J. CONDREN et al., Respondents.—In an action for an accounting and to recover damages for breach of a fiduciary duty and fraudulent misrepresentation by the defendants William J. Condren and Condren Leasing Corporation, the general partners of a limited partnership, the Westchester Religious Institute, a limited partner, on behalf of itself and all limited partners similarly situated, appeals from an amended order of the Supreme Court, Westchester County (Burchell, J.), entered October 18, 1985, which denied its motions for class certification and for leave to file a supplemental complaint on the ground of newly discovered evidence, and granted the defendants' cross motion to strike allegations in the complaint which refer to a class action.

Amended order affirmed, with costs.

The Westchester Religious Institute (hereinafter Westchester), 1 of 64 limited partners of the defendant limited partnership, Elk Grove Air Equipment Company, brought this representative class action alleging fraudulent misrepresentation and breach of a fiduciary duty by the general partners William J. Condren and Condren Leasing Corp. In October 1983, Mr. Condren sought the written consent of the limited partners who held two thirds of the interest in the limited partnership, to the sale for $1,700,000 of a jet aircraft owned by the partnership. His letter stated, inter alia, that: "There will be fees and expenses in the approximate amount of 17.5% of the gross proceeds of the sale due to the broker * * * and the general partner".

Section 3.2 (a) of the partnership agreement provides that: "Except as provided herein, no General Partner shall receive any salaries or fees, directly or indirectly, from the Partnership for his services in connection with the management of the business of the Partnership".

Mr. Condren obtained the requisite consent of two thirds of the interests held by the limited partners, with Westchester being among those who consented. The sale took place in December 1984, and its proceeds, except for about 17.5%, were distributed to the limited partners. Westchester then commenced this action alleging that Mr. Condren wrongfully obtained $248,125 in "fees" after falsely representing in his letter that the general partners would only be reimbursed for "expenses" and that "fees" would be paid only to the broker. The complaint set forth four causes of action and sought damages at law and an accounting.

Following discovery and receipt of the 1984 partnership financial statement which disclosed another payment to the general partners of 17.5% of the proceeds in regard to the lease of a second aircraft, Westchester timely moved for class certification and for leave to file a supplemental complaint adding a fifth cause of action at law for breach of a fiduciary duty in regard to the lease of the second aircraft. Special Term's denial of both motions and the granting of the defendants' cross motion to strike allegations in the complaint which refer to a class action are the subject of this appeal. Special Term did not err in its determination.

CPLR 901 (a) authorizes a class action if: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact common to the class predominate over any question affecting only individual members; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interest of the class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy (see, Friar v Vanguard Holding Corp., 78 AD2d 83, 90-91).

Subject to meeting the CPLR 901 (a) prerequisites to a class action, a limited partner has the right to bring a representative class action, at law, where the general partners have engaged in wrongful conduct involving an obligation which runs to the limited partners and the other limited partners are injured in the same manner (see, Lichtyger v Franchard Corp., 18 NY2d 528; Riviera Congress Assoc. v Yassky, 18 NY2d 540, 546). In this case, Westchester's allegations of reliance by the other limited partners upon the alleged misleading statement of Mr. Condren are general, conclusory, unsupported by affidavit (see, Hoerger v Board of Educ., 98 AD2d 274, 282), and cannot be readily inferred (see, Strauss v Long Is. Sports, 60 AD2d 501, 507). Moreover, Westchester, the

sole representative plaintiff, has failed to show that any other limited partners are interested litigants *(see, Strauss v Long Is. Sports, supra,* at p 511). Under these circumstances, it cannot be said that common questions predominate nor can it be said that a class action is superior to other available methods of resolving the dispute (CPLR 901 [a] [2], [5]).

The denial of class certification transformed the representative class action into an individual action by a limited partner who can sue individually only for an accounting *(see,* Partnership Law §§ 99, 115; *Alpert v Haimes,* 64 Misc 2d 608, 611). Thus, Westchester could not maintain the fifth cause of action at law asserted in its supplemental complaint. Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.