This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                               **NO. 33,954**

**JUAN YANEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Sante Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}    Defendant appeals from the district court's judgment and sentence, convicting him of second degree murder. Unpersuaded that Defendant demonstrated error, we

issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition and a motion to amend the docketing statement. After due consideration, we deny the motion to amend because the issue is not viable, and we remain unpersuaded that Defendant has demonstrated error. We therefore deny the motion to amend the docketing statement and affirm.

**Motion to Amend**

{2}     Defendant moves to amend his docketing statement to add a challenge to the jury instructions, arguing that it was fundamental error to omit any reference to unlawfulness or self-defense in the essential elements section of the second degree murder instruction in order to alert the jury to the State's burden of proving that Defendant did not act in self-defense. [MIO 4-7; RP 179]

{3}     In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even

if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 42-44, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{4} As Defendant recognizes, in *State v. Cunningham*, 2000-NMSC-009, ¶¶ 16-22, 128 N.M. 711, 998 P.2d 176, the Supreme Court, reviewing an unpreserved claim of error as we do here, affirmed the defendant's first degree murder conviction, holding that the defendant failed to meet the hefty burden of proving fundamental error because the jury instructions adequately placed the burden of disproving self-defense on the State, stating that "the elements instruction which omitted the reference to self-defense or unlawfulness was corrected by the subsequent proper instruction on self-defense." *Id.* ¶ 22. [MIO 7] The self-defense instruction in the current case clearly places the burden on the State to prove that Defendant did not act in self-defense and instructs the jury to find Defendant not guilty if it has a reasonable doubt as to whether Defendant acted in self-defense. [RP 187] Defendant does not persuade us that the facts or jury instructions in the current case remove it from the purview of *Cunningham*. We are bound to follow Supreme Court precedent. *See State v. Wilson*, 1994-NMSC-009, ¶ 6, 116 N.M. 793, 867 P.2d 1175 ("The Court of Appeals . . . remains bound by Supreme Court precedent[.]"). For these reasons, we hold that

Defendant's issue is not viable and, therefore, we deny amendment of the docketing statement for its addition to this appeal.

{5}     Defendant pursues two other issues in this appeal. He challenges the sufficiency of the evidence to support his conviction [MIO 8-10] and argues that the district court erred by permitting Gail Varner, a Deputy Medical Investigator for the OMI, to testify that it was her opinion that Mr. Garcia was shot twice. [MIO 10-12]  In this Opinion, we do not restate the facts and proposed analysis contained in our notice and address only those matters pursued in the memorandum in opposition.

**Sufficiency of the Evidence**

{6}     Defendant continues to argue that insufficient evidence was presented to support his second degree murder conviction, now pursuing the issue under the demands of *State v. Franklin*, 1967-NMSC-151, ¶¶ 9-10, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [MIO 8] Defendant does not dispute that the facts upon which our notice relied were presented at trial. Defendant does not persuade us that the evidence was insufficient. For the reasons stated in our notice, we hold that substantial evidence supports his conviction.

**Witness Opinion Testimony**

4

**{7}** Our notice explained that neither the docketing statement nor the record contained adequate information for this Court to determine whether the district court abused its discretion in permitting Ms. Varner to testify as an expert. In response to our notice, Defendant provides this Court with additional information but does not respond with a complete explanation of the evidence and arguments presented by the parties as to the qualifications of the medical investigator and the basis for the district court's ruling. Based on the explanation in Defendant's response, we see no basis for reversal.

**{8}** Defendant states that Ms. Varner testified that she observed a gunshot wound in Mr. Garcia's back and one in his chest. [MIO 11] Defendant does not explain why he believes expertise was required for these observations or why Ms. Varner's experience and specialized knowledge was an insufficient basis for her testimony. *See* Rule 11-702 NMRA ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."); *State v. Downey*, 2008-NMSC-061, ¶ 25, 145 N.M. 232, 195 P.3d 1244 (stating that trial courts have broad discretion in admitting expert testimony as long as the expert (1) is qualified, (2) provides testimony that will assist the trier of fact, and (3) provides testimony regarding "scientific, technical, or other specialized knowledge with a reliable basis").

Defendant indicates that Ms. Varner has received formal training, including training from a doctor on how to identify gunshot wounds. [MIO 11] She has also received on-the-job training, having investigated a "couple hundred" deaths, and she has testified in four hundred or more cases. [MIO 11] Based on the scant information before us, we are not persuaded that the district court abused its discretion by permitting Ms. Varner to offer her opinion that merely identifies two gunshot wounds.

{9}     We also note that the record suggests that Defendant admitted to police that he shot Mr. Garcia once in the back and once in the chest. [RP 106-08] Even if it were error to admit Ms. Varner's testimony, it appears to be cumulative of Defendant's own admission that he shot Mr. Garcia two times. Also, Defendant's admission in combination with his theory of self-defense indicates that the existence of two gunshot wounds was not a central or disputed issue. Defendant does not establish how these circumstances constitute reversible error.

{10}     For the reasons stated in this Opinion and in our notice, we affirm Defendant's conviction and deny his motion to amend the docketing statement.

{11}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

6

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**