■ DAVID HAWTHORNE, as Administrator of the Estate of FREDERICK HAWTHORNE, Deceased, Respondent-Appellant, v MICHAEL O'KEEFE, Defendant, and HUMBLE LEASING COMPANY, Appellant-Respondent.—Appeal by plaintiff-appellant from the order of Supreme Court, New York County, entered June 13, 1975, unanimously dismissed, on the law, as academic, without costs and without disbursements. Order, Supreme Court, New York County, entered August 15, 1975, unanimously reversed, on the law, and defendant-appellant's motion to dismiss plaintiff-respondent's amended complaint granted, without costs and without disbursements. Defendant O'Keefe, not a party to the appeal, had, as far as this case goes, two enterprises: a bar and a restaurant, and a car rental service; the cars for the

latter were leased to O'Keefe by defendant-appellant Humble Leasing Company. O'Keefe, in turn, rented cars to various customers and, as an added service, provided parking service for these cars when brought to or near his restaurant. That establishment was in the area of the United Nations, where legal parking facilities are notoriously sparse, so O'Keefe would assign his bar employees to drive the vehicles to other parking places. Plaintiff's decedent, O'Keefe's employee, an unlicensed driver, met his death as the result of a crash while carrying out such an assignment. As far as is established by the record, the only connection between the accident and decedent's employment was his assignment by O'Keefe to park the car; the site of the crash was far from the restaurant. The first order appealed from dismissed the original complaint and a proposed amendment by plaintiff (his administrator being thereafter substituted when he died from the crash injuries), which was apparently based upon a theory that plaintiff was some sort of third-party beneficiary of an agreement between Humble and O'Keefe requiring the latter to furnish adequate parking for the leased cars. The dismissal allowed leave to replead a cause based on alleged defects in the car. Though plaintiff filed notice of appeal, he elected thereafter to replead, thus automatically electing to abandon that appeal by acceptance of the terms of the order. (*Wilde v Caron Corp.,* 20 AD2d 931.) The repleader, however, instead of following the first order, restated the same claim of a violation of the agreement between O'Keefe and Humble, but this time in terms of negligence, i.e., that Humble, having knowledge of O'Keefe's contract violation, was negligent in not taking steps to avoid the consequences, and that therefore the entrustment to O'Keefe was negligent. The second order appealed from sustained the amended complaint as an action in negligence. But the complaint states no cognizable duty owed by Humble to the decedent; Humble could therefore breach none. Nor was it foreseeable that O'Keefe's practices in parking cars as described might have resulted in injury and death, or that the failure to provide adequate parking facilities had any direct causal relation with the accident. The amended complaint states no recognizable cause and should be dismissed. Concur—Stevens, P. J., Markewich, Kupferman, Birns and Capozzoli, JJ.