JOSE VELEZ et al., Appellants, v BARRY FEINSTEIN et al., Respondents.

First Department, June 10, 1982

310

APPEARANCES OF COUNSEL

*Fredrick E. Sherman* of counsel (*Daniel J. Brooks* and *Gretchen L. Johnston* with him on the brief; *Layton & Sherman*, attorneys), for appellants.

*Joseph S. Rosenthal* of counsel (*Stephen A. Cohen* and *Thomas J. McNamara* with him on the brief; *Friedlander, Gaines, Cohen, Rosenthal & Rosenberg*, attorneys), for William Wallach and another, respondents.

*Charles W. Gerber* of counsel (*William O. Purcell* and *Frederic W. Parnon* with him on the brief; *Barrett Smith Schapiro Simon & Armstrong*, attorneys), for Trans World Life Insurance Company of New York, respondent.

*Edward J. Boyle* and *Edward Shaw* of counsel (*Ronald S. Herzog* and *Thomas R. Manisero* with them on the brief; *Hall, McNicol, Hamilton, Clark & Murry* and *Stillman, Friedman & Shaw, P. C.*, attorneys), for Barry Feinstein and others, respondents.

*Harold L. Fisher* of counsel (*Andrews S. Fisher, Kenneth K. Fisher* and *David N. Stein* with him on the brief; *Fisher & Fisher*, attorneys), for City Employees Union, Local 237, respondent.

**OPINION OF THE COURT**

SILVERMAN, J.

Plaintiffs appeal from an order of Special Term granting defendants' motion before answer to dismiss the amended complaint pursuant to CPLR 3211 (subd [a], par 7), with certain exceptions, and denying plaintiffs' motion for an order temporarily removing the Trustees of Teamsters Local 237 Welfare Fund (the Fund) and appointing an interim receiver *pendente lite*.

The Fund is established pursuant to a certain Agreement and Declaration of Trust to provide welfare benefits of various kinds to various city employees for whom contributions are made to the Fund by the city and who are presumably represented by Local 237 for collective bargaining purposes, though such participants are not necessarily members of the union. Plaintiffs are city employees who are such participants. In legal terms they may fairly be described as among the contingent beneficiaries of the trust. They sue the trustees of the Fund, certain insurance companies and insurance advisers to the Fund, and the union, complaining of (a) excessive premiums, commissions and fees charged by the insurance companies and insurance advisers to the Fund, (b) improper allocation of certain joint expenses by the union as against the Fund, and (c) acquiescence and active participation by the trustees in this misconduct. The complaint contains five causes of action. The relief sought is the removal of the Fund's

trustees and the appointment of a receiver, and damages against the insurance companies and insurance advisers, the union and the trustees.

A. *Removal of trustees and appointment of interim receiver.*

■ We agree with Special Term that on the present record plaintiffs have failed to make a showing of such danger to the Fund as would warrant removing the trustees or appointing an interim receiver at the present time.

B. *Sufficiency of complaint.*

With respect to the remainder of the motion a number of problems require discussion:

1. *Mootness.*

The order appealed from dismisses the complaint as to all defendants, except that plaintiffs were granted leave, within 20 days, to serve a second amended complaint limited to those allegations contained in plaintiffs' purported class action claim seeking the removal of the trustees and the appointment of a receiver; and the order further directed that in such an amended complaint, Local 237 Welfare Fund should be joined as a party. In accordance with that leave, plaintiffs have served a second amended complaint limited to that relief, and in which the only defendants named are the trustees and the Fund. The insurance companies, the insurance advisers, and the union, all named as parties to the original and amended complaints, do not appear as defendants in the second amended complaint.

Defendants argue that by service of the second amended complaint pursuant to the leave granted in the order appealed from, plaintiffs have abandoned that appeal, and that that appeal is moot because the only pleading left in the action is now the second amended complaint, which is not the complaint whose dismissal is the purported subject of this appeal.

There is considerable and apparently uniform authority stating that the service of an amended complaint pursuant to leave granted in an order dismissing an original complaint renders the appeal from the order moot and requires

that the appeal be dismissed. (See, e.g., *James v J.I. Sopher & Co.,* 78 AD2d 820; *Hawthorne v O'Keefe,* 53 AD2d 534; *Cioffi v City of New York,* 14 AD2d 741; *Kriger v Industrial Rehabilitation Corp.,* 8 AD2d 29, 31, affd 7 NY2d 958; *Land v Merchants Desp. Transp. Co.,* 255 App Div 929.)

■ However, we do not think this rule should or can fairly be applied to the present case. This is not a case in which by reason of the amendment plaintiffs have received "the substantial relief which [they] sought upon the appeal from the original order." (*Land v Merchants Desp. Transp. Co., supra.*) All the claims against the insurance companies, the insurance advisers, and the union have been finally dismissed from the action, and those parties have been dismissed from the action, all without leave to amend. Our attention has not been called to any case in which service of an amended complaint with respect to the remaining parties in the case is deemed an abandonment of the appeal with respect to parties dismissed from the action and as to whom no amended complaint was permitted to be served.

It is clear that plaintiffs never intended to abandon these claims or the appeal with respect to these claims. Nor can it be said that plaintiffs have taken benefit from the order appealed from and thereby have in effect estopped themselves from complaining of that order. There were no benefits to plaintiffs from the order. The amended complaint merely restated those claims in the earlier complaint that the court had left standing, omitting what the court had stricken. It is true that plaintiffs could have applied to their adversaries, to Special Term, or to this court for an extension of the time to serve the amended complaint until after the determination of this appeal. They did not do so. But their absolute right to appeal to this court from the dismissal of most of the causes of action and numerous defendants should not depend upon their good fortune in obtaining an agreement from their adversaries or discretionary action of the court for an extension.

Finally, there is the argument that the second amended complaint supersedes the first amended complaint and is now the only complaint in the action. "The first amended complaint was superseded by the second amended com-

plaint and the latter was the only complaint in the action. All proceedings addressed to the first amended complaint also fell when that complaint was superseded." (*Land v Merchants Desp. Transp. Co., supra.*) But we think this is too mechanical a point to be permitted to defeat plaintiffs' substantial right to appeal. If the appellate court holds that the first complaint should not be dismissed, it can either direct that the second complaint and all answers thereto be deemed withdrawn or give plaintiffs leave to substitute the first amended complaint for the second.

For these reasons, we think this appeal is not moot.

2. *The unincorporated association argument: the Fund as a trust.*

■ Defendants argue and Special Term agreed (with apparently faint dissent, if any, by plaintiffs) that as the Fund is an unincorporated association, suits on its behalf must either be brought pursuant to sections 12 and 13 of the General Associations Law in the name of the president or treasurer, or in accordance with common-law procedure for suits by such associations by making all the members parties. We are unable to agree with this analysis. On its face, the Fund is simply a trust established pursuant to a declaration of trust with a settlor — the union, named trustees, designated beneficiaries, a trust corpus,* and stated purposes. The procedure as to suits with respect to such a trust is the same as with respect to any trust. The beneficiaries may sue the trustees for an accounting and seek to surcharge or remove the trustees for misconduct. Where a claim exists in favor of the trust (properly speaking, of the trustees in their trust capacity) against third persons and the trustees are under a duty to enforce that claim and have improperly and unjustifiably failed to do so, the beneficiaries may bring a suit on behalf of the trust, analogous to stockholders' derivative suits on behalf of a corporation. "It is fundamental to the law of trusts that *cestuis* have the right, 'upon the general principles of equity' (*Robinson v. Smith,* 3 Paige Ch. 222, 232) and 'independently of [statutory] provisions' (*Brinckerhoff v.*

---

* Actually the agreement and declaration of trust defines the term "Fund" as essentially the corpus of the trust (Art I, § 6), but the trust is frequently referred to by the parties as the "Fund", as if it were a legal entity.

*Bostwick,* 88 N. Y. 52, 59), to sue for the benefit of the trust on a cause of action which belongs to the trust if 'the trustees refuse to perform their duty in that respect.'" (*Riviera Congress Assoc. v Yassky,* 18 NY2d 540, 547; accord *Bonham v Coe,* 249 App Div 428, 431, affd 276 NY 540; *Levy v Carver Fed. Sav. & Loan Assn.,* 18 AD2d 1062.)

In an action brought by a beneficiary on behalf of the trust, the beneficiary must show why he has the right to exercise the power, which the law and the trust agreement in the first instance confide in the trustees, to bring a suit on behalf of the trust. This will normally require either a showing of a demand on the trustees to bring the suit, and of a refusal so unjustifiable as to constitute an abuse of the trustee's discretion, or a showing that suit should be brought and that because of the trustees' conflict of interest, or some other reason, it is futile to make such a demand.

3. *Pleading demand on the trustees, or excuse for not making such demand.*

Critical to the present appeal is the degree of particularity with which the pleading shall allege the excuse for not making the demand on the trustees to sue. In the case of a stockholders' derivative suit, subdivision (c) of section 626 of the Business Corporation Law requires that: "(c) In any such action, the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort." And when the Legislature codified the Court of Appeals ruling in *Riviera Congress Assoc. v Yassky (supra)* permitting limited partners to bring derivative suits on behalf of the partnership notwithstanding the general rule that only the general partners may sue on behalf of the partnership, the Legislature adopted almost the identical pleading requirement. It provided: "3. In any such action, the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the general partner or partners, or the reasons for not making such effort." (Partnership Law, § 115-a, subd 3.)

The Court of Appeals in the *Riviera* case (*supra*) treated the relationship between limited partners and general partners as a particular instance of the relationship

between *cestuis que trustent* and trustees. We, therefore, think that the same pleading standard should be applied to derivative actions brought by beneficiaries on behalf of the trust as applies to derivative actions brought by stockholders on behalf of corporations and by limited partners on behalf of the partnership, i.e., the complaint must set forth "with particularity" the efforts of the plaintiffs to secure the initiation of the action by the trustees, or the reasons for not making such effort.

4. *The claims against the insurance companies and insurance advisers.*

The claims against the insurance companies and the insurance advisers, being claims against third persons on behalf of the trust, are clearly derivative claims. We agree with Special Term that the complaint fails to allege "with particularity" the reasons for not making a demand on the trustees to sue the insurance companies and the insurance advisers. In addition, we note that even if the complaint could be deemed to allege with sufficient particularity such a conflict of interest on the part of defendant Feinstein, the chairman of the trustees, as would excuse a demand on Feinstein, the complaint wholly fails to allege such a conflict of interest with respect to the remaining trustees (some of whom may not even have been trustees at the times complained of). Indeed, far from alleging facts showing that the remaining trustees are somehow involved in a conspiracy to permit the insurance companies and insurance advisers to charge excessive premiums, commissions and fees, the complaint alleges over and over again that the trustees other than Feinstein were deceived by Feinstein and the insurance companies and insurance advisers. As the trustees can act by a majority vote, it is apparent that the complaint does not allege with particularity adequate excuse for not making a demand on the trustees to sue the insurance companies and insurance advisers.

In fact the record shows that before plaintiffs instituted the present suit, the trustees had retained independent counsel to examine the question of any possible claims against insurance companies and insurance advisers, and that thereafter, on recommendation of independent counsel, the trustees have in fact brought such a suit through independent and highly reputable counsel.

5. *Claim against the union.*

Plaintiffs also complain that there has been unfair allocation of rent and other joint expenses between the union and the trust, and seek on behalf of the trust to recover such overcharges from the union. This is of course again a derivative claim.

(a) Failure to make demand.

■ We think the excuse for failure to make demand on the trustees to sue the union sufficiently appears from the complaint. Under the trust agreement, the trustees are appointed by the union and "may be removed and replaced at will" by the executive board of the union. Such control excuses demand on the trustees to sue the union that appoints and can at will remove them.

(b) Sufficiency of the claim against the union.

■ The allegation of the substantive claim against the union again suffers from lack of particularity. All that is alleged is that the allocations are unfair and excessive. But no facts are alleged showing such unfairness or excessiveness or clearly identifying the particular items that are unfair and excessive. Such allegations do not meet even the liberal notice provisions of CPLR 3013. (*Block v Landegger,* 44 AD2d 671; see, also, *Heit v Baird,* 567 F2d 1157, 1162.)

Furthermore, the complaint with respect to the union is essentially one for breach of trust. CPLR 3016 (subd [b]) requires: "Where a cause of action or defense is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail." The insufficiency of the pleading becomes even more marked when considering that the agreement of trust explicitly contemplates that the union may provide the trustees with facilities or personnel, and explicitly provides that the trustees are authorized to reimburse the union for the actual costs and expenses thus incurred by the union.

6. *Government audits and reports.*

A number of pages of the 60-page first amended complaint are concerned with allegations that various government officials and agencies have investigated some of the

matters here involved and have made similar accusations to those plaintiffs now make. As a matter of pleading, of course, the allegation that someone else had made a charge that defendants have done something is not equivalent to a pleading allegation by plaintiffs that defendants have done something, and raises no issue as to whether defendants have done that. In fact, the excerpts and paraphrases contained in the complaint from the charges made by public officers and agencies are themselves conclusory and do not remedy the factual deficiencies in plaintiffs' allegations.

7. *Claims against the trustees.*

■ The complaint seeks to hold the trustees responsible for failure adequately to safeguard the interest of the trust in relation to the transactions with the insurance companies, the insurance advisers, and the union. Special Term granted plaintiffs leave to serve an amended complaint limited to the allegations contained in plaintiffs' claim seeking the removal of the trustees and the appointment of a receiver. These allegations include, of course, the allegations of misconduct by the trustees to which we have referred. Plaintiffs have served such an amended complaint containing these allegations. If plaintiffs can sustain these allegations, "the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded" (CPLR 3017, subd [a]). To this extent this appears to us to be a case for application of the rule that the amended complaint supersedes the original complaint and renders the appeal as to this claim moot.

8. *Leave to amend.*

It is conceivable that some of the defects in the pleading can be cured by amendment on a showing of a factual basis therefor. (CPLR 3211, subd [e].) Special Term granted to plaintiffs limited leave to amend. On this appeal and on this record, we do not consider whether plaintiffs should be granted a broader leave to amend or whether they have shown a factual basis therefor. Where a motion is made to dismiss a complaint for failure to state a cause of action "if the opposing party desires leave to plead again in the event the motion is granted, he shall so state in his opposing

papers and may set forth evidence that could properly be considered on a motion for summary judgment in support of a new pleading; leave to plead again shall not be granted unless the court is satisfied that the opposing party has good ground to support his cause of action or defense; the court may require the party seeking leave to plead again to submit evidence to justify the granting of such leave." (CPLR 3211, subd [e].) In the present case, plaintiffs did not state that they desire leave to plead again. Thus, Special Term would have been quite justified in not granting any leave to replead on these papers. Indeed, in this court, with respect to the argument of mootness by reason of the service of the second amended complaint, plaintiffs have affirmatively urged that they never asked for leave to amend, that the provision for leave to amend was inserted in the proposed order at the instance of defendants only because it was thought "it would be less confusing" for defendants to address a complaint containing only the remaining class action and removal cause of action.

The order of Special Term, New York County (HELMAN, J.), entered December 3, 1981 dismissing the complaint in part, and denying plaintiffs' motion for an order temporarily removing the Trustees of Local 237 Welfare Fund and for the appointment of an interim receiver, should be affirmed, with costs.

Ross, J. P., Carro and Lupiano, JJ., concur.

Order, Supreme Court, New York County, entered on December 3, 1981, unanimously affirmed. Those respondents filing briefs shall recover of appellants one bill of $75 costs and disbursements of this appeal.