No. 118,287

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of
BARBARA MOUCHAGUE.

SYLLABUS BY THE COURT

1.

Standing is a component of subject matter jurisdiction, which any party, or the court on its own motion, may raise at any time.

2.

Whether a party has standing in a judicial action, like other jurisdictional issues, presents a question of law over which an appellate court's scope of review is unlimited.

3.

The determination of jurisdiction and standing rests on the facts in existence at the time of filing.

4.

Generally, the trustee, rather than a beneficiary of the trust, is the proper party to sue or defend actions and claims affecting the trust. An exception to that rule permits a beneficiary of a trust to sue or defend when the trustee improperly or unreasonably refuses to do so.

5.

The Kansas Uniform Trust Code charges the trustee with a duty to prosecute or defend legal actions to protect trust property. This duty includes taking reasonable steps

1

to enforce or realize on other claims held by the trust and to defend actions that may result in a loss to the trust estate. Reasonable steps may include appealing to a higher court when the costs and risk of litigation make such a decision reasonable under all the circumstances.

6.

The party seeking to avail himself or herself of an exception to a general rule carries the burden of establishing the facts necessary to invoke the provisions of that exception. Here, the beneficiary of the trust bears the burden to show that the trustee improperly or unreasonably failed to protect their interest by not appealing a judgment.

7.

A party seeking attorney fees on appeal must attach to the motion an affidavit that specifies the nature and extent of the services rendered, the time expended on the appeal, and the factors considered in determining the reasonableness of the fee.

8.

When a fee applicant fails to submit an affidavit containing the required detail, as required by Supreme Court Rule 7.07(b)(2) (2019 Kan. S. Ct. R. 50), this court has no ability to determine the reasonableness of fees incurred on appeal.

Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Opinion filed May 3, 2019. Appeal dismissed.

*Mark D. Lewis*, of Gardner, for appellants Patricia and Leonard Kowalski.

*Michelle M. Burge*, of Kirkland Woods & Martinsen LLP, of Overland Park, for appellee Terry Diehl, executor of the Estate of Barbara Mouchague.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

2

GARDNER, J.: This appeal pertains to ongoing litigation between Terry Chamberlain Diehl (the executor for the estate of Barbara A. Mouchague) and Leonard and Patricia Kowalski, beneficiaries of Mouchague's trust. In addition to the probate case, the parties have been involved in three civil actions below which we need not detail. In this appeal, the Kowalskis claim the probate court erred in awarding attorney fees and expenses to Diehl resulting from one of the civil cases and for previously appealing that case—a case to quiet the Kowalskis' claim to the title and secure Mouchague's property as belonging to the estate. Diehl responds that the Kowalskis, as beneficiaries of Mouchague's trust but not of the estate being litigated in probate court, lack standing to bring this appeal. We agree, finding that the trustee is the proper party to bring an action affecting the trust and that the Kowalskis have not shown that the trustee breached its fiduciary duty so as to permit them to appeal instead of the trustee.

Diehl has also moved for an award of attorney fees incurred in defending this appeal. But she has failed to include in her affidavit the specific detail required by our Rule, so we deny that motion.

FACTUAL AND PROCEDURAL BACKGROUND

When Barbara A. Mouchague died in December 2012, Terry Chamberlain Diehl was appointed the executor of her estate. The sole beneficiary of the estate is the Barbara A. Mouchague Trust. The Country Club Trust Company serves as its trustee but is not a party to this appeal. The trust names four beneficiaries: Leonard Kowalski, Patricia Kowalski, and two charitable organizations. The parties to this appeal are Diehl, as the executor of Mouchague's estate, and the Kowalskis, who have an 80% equitable interest in the decedent's trust.

This appeal has a complicated history because in addition to the probate case, the parties have been involved in three underlying civil cases which the district court tried

3

together. One of those cases is relevant here. In 14 CV 4300, Diehl, in her capacity as executor, sued to set aside a joint tenancy deed in the Kowalskis' and Mouchague's names and to quiet title in the estate when she was gathering estate property. The district court ruled in favor of Diehl on the quiet title action and then ordered the Kowalskis to pay Diehl's attorney fees and expenses of over $60,000. The Kowalskis appealed. This court reversed and vacated the fee award on appeal, finding that the fees could not be assessed against the Kowalskis because no contractual or statutory basis for doing so was shown. *Diehl v. Kowalski*, No. 114,706, 2016 WL 6651575, at *4 (Kan. App. 2016) (unpublished opinion). The general rule thus applied that litigants are responsible for their own attorney fees. *Robinson v. City of Wichita Employees' Retirement Bd. of Trustees*, 291 Kan. 266, 279, 241 P.3d 15 (2010). This court also stated that the fee award in the quiet title action was not a fee award in the probate proceeding and that the district court had expressly deferred ruling on fees in the probate case until the estate was closed. *Kowalski*, 2016 WL 6651575, at *1.

After this court vacated the award for attorney fees in the quiet title action, Diehl petitioned the probate court under K.S.A. 59-1717 for payment of those same fees and expenses. The district court again awarded Diehl the attorney fees and litigation expenses related to the quiet title action but this time assessed them against the decedent's estate instead of against the Kowalskis personally.

Diehl also petitioned the district court for an award of her attorney fees incurred in defending against the Kowalskis' appeal in the quiet title action—*Kowalski*, 2016 WL 6651575. The court at first denied Diehl's requested appellate attorney fees, holding that all legal fees and expenses incurred in an appeal must be addressed by appellate courts under Kansas Supreme Court Rule 7.07 (2019 Kan. S. Ct. R. 50). Diehl then sought her fees from the Kansas Court of Appeals under Rule 7.07 but was unsuccessful. She then petitioned the district court again for the award under K.S.A. 59-1717, and the district court awarded the fees.

4

The Kowalskis appeal, challenging the probate court's award of Diehl's attorney fees and expenses to pursue the quiet title action and to defend that award on appeal. They contend that Diehl cannot seek fees now because Diehl failed to appeal from the original fee award against the Kowalskis in 2015. Although the Kowalskis appealed that fee award, giving rise to the quiet title action, Diehl did not. The Kowalskis also argue that the probate court abused its discretion by not requiring proper segregation of fees, that the amount of fees the probate court awarded was excessive and unreasonable, and that the probate court lacked jurisdiction to award fees incurred on appeal.

We note that Diehl moved to strike the Kowalskis' notice of appeal because it stated that the appeal was being filed on behalf of the trustee and the other beneficiaries of the trust, but neither the Country Club Trust Company nor the beneficiaries other than the Kowalskis joined the appeal. The district court denied Diehl's motion to strike the appeal.

DO THE KOWALSKIS HAVE STANDING TO APPEAL THE DISTRICT COURT'S RULING IN THE ESTATE OF BARBARA MOUCHAGUE?

Before we reach the Kowalskis' allegations of error in the probate court's award of fees and expenses, we must address Diehl's argument that the Kowalskis lack standing to appeal that award.

*Standard of Review*

Parties in a judicial action must have standing as part of the Kansas case-or-controversy requirement imposed by the judicial power clause of Article 3, § 1 of the Kansas Constitution. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 895-96, 179 P.3d 366 (2008). The standing inquiry asks whether a party has a sufficient stake in the controversy to warrant invocation of jurisdiction and to justify the exercise of the court's

remedial powers on that party's behalf. *Board of Johnson County Comm'rs v. Jordan*, 303 Kan. 844, 854, 370 P.3d 1170 (2016). The effect of this requirement is that standing is a component of subject matter jurisdiction, which any party, or the court on its own motion, may raise at any time. See *Cochran v. Kansas Dept. of Agriculture*, 291 Kan. 898, 903, 249 P.3d 434 (2011). Whether a party has standing in a judicial action, like other jurisdictional issues, presents a question of law over which this court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017).

At the pleading stage, the party asserting standing has the burden to establish a prima facie case of standing, that is, a basis when viewed in the light most favorable to the party. See *In re Adoption of T.M.M.H.*, 307 Kan. 902, 915-16, 416 P.3d 999 (2018); *Aeroflex Wichita, Inc. v. Filardo*, 294 Kan. 258, 264-65, 275 P.3d 869 (2012). The determination of jurisdiction and standing rests on the facts in existence at the time of filing. See *Grupo Dataflux v. Atlas Global Group, L.P*., 541 U.S. 567, 580, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) ("The time-of-filing rule is what it is precisely because the facts determining jurisdiction are subject to change, and because constant litigation in response to that change would be wasteful."); *In re I.H.H.-L.*, 45 Kan. App. 2d 684, 691, 251 P.3d 651 (2011).

*Discussion*

Our standing analysis focuses on statutory standing. Any heir, devisee, or legatee may prosecute or oppose the probate of a will. K.S.A. 59-2224; see *Matter of Estate of Beason*, 248 Kan. 803, 806, 811 P.2d 848 (1991). This restriction is narrower than dozens of Kansas statutes that, in other contexts, permit an appeal by an aggrieved person. See *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1139-40, 307 P.3d 1255 (2013) (listing those statues). Neither the Kansas Probate Code nor the Kansas Uniform

Trust Code allows an appeal by an aggrieved person. See generally K.S.A. Chapters 58a, 59.

The Kowalskis appear to be aggrieved here because each time the executor, Diehl, is awarded fees out of estate funds, fewer assets remain available in the estate to distribute to the Kowalskis as some of the beneficiaries of the trust. But neither Kowalski is, admittedly, an "heir, devisee, or legatee" of Barbara Mouchague's will, as the statute requires. K.S.A. 59-2224. Instead, the only beneficiary of the estate is the Barbara Mouchague Trust. Because the Kowalskis are not beneficiaries of the estate being litigated, Diehl argues that they lack standing to bring this appeal in the probate case.

*The general rule*

The parties agree that generally, the trustee—and not the beneficiary of the trust—is the proper party to sue or defend actions and claims affecting the trust. The parties have not addressed whether the estate's executor, Diehl, is a third party for purposes of this rule. We assume, without deciding, that she is.

This issue has not been addressed in Kansas cases. Cases from other jurisdictions reflect the general rule that the trustee, who has legal title to the res, has standing to sue a third party; the beneficiary does not even if the beneficiary is adversely affected.

> "'The trustee's standing to sue arises out of its legal title to the res. "The trustee has a title (generally legal title) to the trust property, usually has its possession and a right to continue in possession, and almost always has all the powers of management and control which are necessary to make the trust property productive and safe. Any wrongful interference with these interests of the normal trustee is therefore a wrong to the trustee and gives him a cause of action for redress or to prevent a continuance of the improper conduct. Although the beneficiary is adversely affected by such acts of a third person, no

7

cause of action inures to him on that account." [Citations omitted.]'" Naier v. Beckenstein, 131 Conn. App. 638, 646, 27 A.3d 104 (2011).

Because a trustee is the appropriate party to sue third parties on behalf of trust beneficiaries, beneficiaries generally lack standing to maintain this cause of action. See, e.g., *Glassie v. Doucette*, 157 A.3d 1092, 1099-1100 (R.I. 2017); *Interfirst Bank-Houston, N.A. v. Quintana Petroleum Corp.*, 699 S.W.2d 864, 874 (Tex. App. 1985).

The interest of the beneficiary of a trust is merely an equitable interest. "Where the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the trust property free of trust, the beneficiary cannot maintain an action at law against the third person." Restatement (Second) of Trusts § 281 (1959).

The commentary to § 281(1) explains:

> "a. The interest of the beneficiary of a trust is an equitable interest, and ordinarily is protected by suits in equity rather than by actions at law. . . .
> "b. *Tort claims*. If a third person commits a tort with respect to the trust property, the beneficiary, if he is not in possession, cannot maintain an action at law against him. . . .
> "c. *Contract claims*. If a contract right is held in trust, the beneficiary cannot maintain an action at law against the promisor.
> "d. *Other claims*. If a right other than for tort or in contract arises against a third person from the holding of title to the trust property, the beneficiary cannot maintain an action at law to enforce it." Restatement (Second) of Trusts § 281(1), comments a-d (1959).

Restatement (Third) of Trusts § 107(1), comment b (2012) reiterates this principle:

> "As holder of the title to trust property . . . and as the representative of the trust and its beneficiaries, the trustee is normally the appropriate person to bring . . . an action against a third party on behalf of the trust. . . . [A] beneficiary has no standing to sue a third party on behalf of the trust."

See Bogert's The Law of Trusts and Trustees, § 869, at 112-16 (2d ed. rev. 1995) ("In the absence of special circumstances, the beneficiary is not eligible to bring or enforce these causes of action which run to his trustee. Thus in the usual case he cannot sue a third person to recover possession of the trust property for himself or the trustee, or for damages . . . .").

We recognize that treatises, restatements, and cases from other jurisdictions provide only persuasive authority and are not controlling here, but we are persuaded by them and believe it a sound practice to recognize this general rule, as well as its exception, which we discuss below.

*The exception*

The Kowalskis rely on an exception that permits the beneficiaries of the trust to act on behalf of the trust and the other beneficiaries in some cases.

*The statutory approach*

The Kowalskis cite a treatise to establish that the Country Club Trust Company has a duty to appeal adverse judgments if it would be unreasonable not to do so. They do not, however, specifically allege that the trustee breached any duty listed in the Kansas Uniform Trust Code.

Nonetheless, we find that such a duty may exist under Kansas statutes. Under our trust code, a trustee's violation of a duty the trustee owes to a beneficiary is a breach of trust. K.S.A. 58a-1001(a). The Kansas Uniform Trust Code charges the trustee with a duty to prosecute or defend legal actions to protect trust property. K.S.A. 58a-816(24). The extent of that duty is explained in the Restatement:

"The duty of protecting the trust estate includes taking reasonable steps to enforce or realize on other claims held by the trust and to defend actions that may result in a loss to the trust estate. *Reasonable steps may include taking an appeal to a higher court,* compromise or arbitration of claims by or against the trust, or even abandoning a valid claim or not resisting an unenforceable claim *if the costs and risk of litigation make such a decision reasonable under all the circumstances.*" (Emphasis added.) Restatement (Third) of Trusts § 76(2), comment d (2007).

Under this approach, the Kowalskis have the burden to show that the Country Club Trust Company's decision not to appeal the executor's fee award was unreasonable, considering all the circumstances.

### *The equitable approach*

The Kowalskis also rely on an equitable approach outlined in the Restatement (Third) of Trusts § 107 (2012):

"(1) A trustee may maintain a proceeding against a third party on behalf of the trust and its beneficiaries.

"(2) A beneficiary may maintain a proceeding related to the trust or its property against a third party only if:

    (a) the beneficiary is in possession, or entitled to immediate distribution, of the trust property involved; or

    (b) the trustee is unable, unavailable, unsuitable or improperly failing to protect the beneficiary's interest."

Under this approach, the Kowalskis, as beneficiaries of the trust, could maintain a proceeding related to the trust property (this appeal) if they show the trustee is improperly failing to protect their interest as beneficiaries. See *Browning v. Brunt*, 330 Conn. 447, 195 A.3d 1123 (2018); *Slaughter v. Swicegood*, 162 N.C. App. 457, 465, 591 S.E.2d 577 (2004).

This equitable right to sue for the benefit of a trust exists independently of the beneficiaries' rights under the Kansas Uniform Trust Code.

"In equity, trust beneficiaries may bring a suit for the benefit of a trust when the trustees refuse to do so. *See Moore v. 1600 Downing Street, Ltd.,* 668 P.2d 16, 19 (Colo. App. 1983) ('"It is fundamental to the law of trusts that *cestuis* have the right "upon the general principles of equity" . . . and "independently of [statutory] provisions . . . to sue for the benefit of the trust on a cause of action which belongs to the trust if" the trustees refuse to perform their duty in that respect.'") (quoting *Riviera Congress Assocs. v. Yassky*, 18 N.Y.2d 540, 277 N.Y.S.2d 386, 223 N.E.2d 876, 879 [1966]); *see also Brown v. Dolese*, 154 A.2d 233, 239 (Del. Ch. 1959) ('[A] trust beneficiary may sue if the trustee refuses to sue.'). Such a suit is analogous to a shareholder derivative suit on behalf of a corporation. *See Velez v. Feinstein,* 87 A.D.2d 309, 451 N.Y.S.2d 110, 114 (N.Y. App. Div. 1982)." *Saunders v. Muratori*, 251 P.3d 550, 553 (Colo. App. 2010).

Diehl suggested at oral argument that the Kansas Uniform Trust Code creates an exclusive, statutory remedy, which would preclude this equitable remedy, but neither party briefed that issue. Instead, we find that the Kowalskis could pursue this independent, equitable means of acting in place of the trustee if they show the trustee is improperly failing to protect their interest as beneficiaries.

DID THE KOWALSKIS SHOW THE COUNTRY CLUB TRUST COMPANY ACTED IMPROPERLY OR UNREASONABLY?

The Kowalskis attempt to meet their burden by contending that the trustee of the Mouchague trust:

- refused to perform its duty to protect the trust property from Diehl's "repeated and improper" claims for fees;

11

- consistently declined to oppose or even question the fees submitted to the probate court by Diehl and her counsel;

- twice told them it would not appeal the lower court's award of fees to Diehl and her attorney; and

- failed to submit a brief in this appeal to explain how it is properly meeting its fiduciary duties.

But these arguments merely try to shift to the trustee the burden of showing the propriety of its acts. We believe the burden instead rests on the Kowalskis to show the acts that trigger the exception they invoke to the general rule—that the trustee is *improperly* failing to protect their interest. *Clubb v. Hetzel*, 165 Kan. 594, 601, 198 P.2d 142 (1948) (stating the "'[p]arty seeking to avail himself of any exception to general rule carries burden of establishing facts necessary to invoke provisions of exception,'" quoting *Hunter v. American Ry. Express Co.*, 4 S.W.2d 847 [Mo. App. 1928]); see generally *Keiswetter v. State*, 304 Kan. 362, 368, 373 P.3d 803 (2016) (finding in Kansas Tort Claims Act cases that the State has the burden to establish it is immune from liability under an exception to the general statutory rule of liability); *Messner v. Continental Plastic Containers*, 48 Kan. App. 2d 731, 751, 298 P.3d 371 (2013) (holding in workers compensation cases that once the claimant shows a right to benefits, the burden shifts to the employer to show an exception barring compensation applies); cf. *State v. Estrada-Vital*, 302 Kan. 549, 552, 356 P.3d 1058 (2015) (noting in criminal cases that the burden of proof is on those seeking to invoke an exception to the general rule requiring a search warrant).

The Kowalskis offer no facts in support of their assertion that the trustee acted unreasonably or improperly by not appealing. Instead, they rely solely on the fact that the trustee did not appeal and on the assumption that the trustee has the burden to show how not opposing Diehl's many fee requests meets its fiduciary duty. We can deduce from the trustee's failure to file a timely appeal and its absence in these proceedings, that despite

the Kowalskis' urging to do so, the trustee was unwilling to pursue an appeal on the trust's behalf against Diehl's fees. Yet nothing of record shows us why the trustee did not do so. The trustee was active in other matters even though it decided not to appeal, and it has a duty to consider the interests of all beneficiaries, not just the Kowalskis. Perhaps the trustee was unwilling to appeal because doing so would necessarily incur even more fees—or perhaps it reasonably believed an appeal would be futile—or perhaps the other beneficiaries of the trust directed it not to appeal. We do not know, yet we need to know so we can determine if the costs and risk of litigation make such a decision improper or unreasonable under all the circumstances.

The existing record does not resolve the material question of whether the trustee is improperly failing to protect the beneficiary's interest in the trust, which is the standard set out in Restatement (Third) of Trusts §107(2), comment c, for allowing a beneficiary to proceed on its own. Nor does it show that the trustee's decision not to appeal the executor's fee award was unreasonable, considering all the circumstances. The Kowalskis have failed to meet their burden to show that the Country Club Trust Company failed in its fiduciary duties. As a result, the Kowalskis lack standing to appeal. That right remains solely with the trustee.

IS DIEHL ENTITLED TO ATTORNEY FEES FOR THIS APPEAL?

After oral argument of this appeal, Diehl moved this court for statutory attorney fees in the amount of $12,519.75 for defending this appeal. The Kowalskis have filed no response to that motion.

In support of her motion, Diehl shows the court the following:

- under Rule 7.07(b) an appellate court may award attorney fees for services on appeal in any case in which the trial court had authority to award attorney fees;

13

- an attorney for an estate handled the defense of this appeal thus the trial court had the authority to award attorney fees under K.S.A. 59-1717;

- upon receiving the Kowalskis' Notice of Appeal, Diehl, as executor, sought instruction from the probate court and was specifically authorized to defend the appeal through the estate;

- the probate court authorized Diehl and counsel to defend the appeal in accordance with the fee and representation agreement Diehl submitted to the court for approval; and

- Diehl's attorney did defend the appeal.

The motion attached several documents which establish to our satisfaction that Diehl is entitled to attorney fees. But the motion failed to attach any detailed affidavit setting out the factors we must consider in determining the reasonableness of the fee. Rule 7.07(b)(2) requires a party seeking attorney fees on appeal to attach to the motion an affidavit that specifies the nature and extent of the services rendered, the time expended on the appeal, and the factors considered in determining the reasonableness of the fee under Kansas Rule of Professional Conduct 1.5(a) (2019 Kan. S. Ct. R. 300). Diehl's affidavit attached to the motion fails in each of those requirements.

Instead, Diehl's affidavit merely recites the facts showing its defense of the Kowalskis' appeal was authorized then conclusorily states: "Fees in the amount of $12,519.75 have been incurred as a result of defending the appeal of the Kowalskis." The affidavit does not state how much time was spent on what tasks by which persons, nor does it address the eight factors we need to consider in determining the reasonableness of a fee. No invoices or other details are attached to the affidavit. Because Diehl's affidavit fails to meet the requirements of Supreme Court Rule 7.07, we cannot determine reasonableness under KRPC 1.5, as is our duty.

14

We recognize that we have wide discretion in determining the amount and recipient of attorney fees. *Wittig v. Westar Energy, Inc.*, 44 Kan. App. 2d 216, 228, 235 P.3d 535 (2010). This is partly because the appellate court is an expert on the reasonableness of attorney fees, *Johnson v. Westhoff Sand Co.*, 281 Kan. 930, 959, 135 P.3d 1127 (2006), and "can draw on and apply its own knowledge and expertise in determining their value." *Freebird, Inc. v. Cimarex Energy Co.*, 46 Kan. App. 2d 631, 639-40, 264 P.3d 500 (2011). But the "burden to prove the reasonableness of the fees and expenses requested is upon the party making the request." *Wittig*, 44 Kan. App. 2d at 210. Under Kansas authority, we have the discretion to determine the reasonableness of Diehl's requested attorney fees even though the Kowalskis have not objected. See *Brand v. Pharmacare Management, Inc.*, No. 118,421, 2018 WL 4939246, at *7 (Kan. App. 2018) (unpublished opinion). And we have the duty to enforce our rules, which for good reason require an affidavit. Because we have read Diehl's brief on appeal, have heard her oral argument, and see her attorney's hourly rate stated in the attachments to her motion, we could speculate about some amount of fees that may be reasonable. But any such speculation is prohibited by our Supreme Court Rule requiring the movant to file an accompanying affidavit with specificity. For that reason, we deny the motion for attorney fees on appeal.

We dismiss the Kowalskis' appeal for lack of standing and deny Diehl's motion for attorney fees on appeal.

15